UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| In re:<br><br>**Maine Dentistry Portland LLC,**<br><br>Debtor | Chapter 11<br>Case No. 25-20299 |
|---|---|

**UNITED STATES TRUSTEE'S OBJECTION AND RESERVATION OF RIGHTS REGARDING MOTION OF DEBTOR: (A) FOR ENTRY OF AN ORDER ON AN INTERIM BASIS: (I) AUTHORIZING CONTINUED USE OF THE DEBTOR'S EXISTING BANK ACCOUNT, CASH MANAGEMENT PROCEDURES, AND CONTINUE ORDINARY COURSE OPERATIONS; (II) AUTHORIZING CONTINUED USE OF THE DEBTOR'S EXISTING BUSINESS FORMS AND CHECKS; AND (III) GRANTING RELATED RELIEF [ECF NO. 8]**

Pursuant to 28 U.S.C. § 586, William K. Harrington, the United States Trustee for Region 1 ("**United States Trustee**"), submits this objection and reservation of rights regarding the *Motion of Debtor (A) for Entry of an Order on an Interim Basis: (I) Authorizing Continued Use of the Debtor's Existing Bank Account, Cash Management Procedures, and Continue Ordinary Course Operations; (II) Authorizing Continued Use of the Debtor's Existing Business Forms and Checks; and (III) Granting Related Relief* ("**First Day Motion**") [ECF No. 8] as follows:

### I. PROCEDURAL STATUS

1. On December 18, 2025 ("**Petition Date**"), Maine Dentistry Portland LLC ("**Debtor**") filed a voluntary chapter 11 petition with the Court and elected to proceed under subchapter V of chapter 11 ("**Subchapter V**"). *See* ECF Nos. 1, 5. The Debtor indicates it is a health care business as defined by section 101(27A) of the Code. ECF No. 5, p. 2.

2. The Debtor has not yet filed its schedules or statement of financial affairs.

3. A Subchapter V trustee has not yet been appointed.

4. The Debtor filed the First Day Motion on the Petition Date, seeking interim relief on an expedited basis.  ECF No. 8.

5. The Debtor has not submitted any declaration or affidavit in support of the First Day Motion.

6. The United States Trustee has contacted the Debtor's counsel regarding the pending Motion to seek additional information and to attempt to consensually resolve some of the issues raised.

## II. OBJECTIONS

7. *Any Relief Granted Should Be Limited to that Which Is Necessary to Avoid Immediate and Irreparable Harm*.  Under Rule 6003(a)(2), unless relief is needed to avoid immediate and irreparable harm, the Court must not, within 21 days after the petition is filed, grant a motion to use property of the estate.  In the interests of notice and due process any other relief granted on an expedited basis at this early stage of the case should also be narrowly tailored.  While the exact scope of what the Debtor seeks through the First Day Motion is unclear, some of the relief requested in the Motion and accompanying proposed order should not be heard on an expedited basis and/or in the absence of an adequate factual record.

8. *Patient Care Ombudsman*.  In the First Day Motion, the Debtor states that the "appointment of a patient care ombudsman pursuant to 11 U.S.C. § 333 is not necessary under the circumstances of this case." ECF No. 8, p. 4.  Section 333 of the Code requires the appointment of a patient care ombudsman "to monitor the quality of patient care and to represent the interests of the patients of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the patients under the specific facts of the case." 11 U.S.C. § 333(a)(1).  The appointment of a patient care ombudsman is mandatory unless (a) the Debtor does not qualify as a health care business, or (b) the Court finds the appointment is

not necessary based on the facts of the case. *In re William L. Saber, M.D., P.C.*, 369 B.R. 631, 634 (Bankr. D. Colo. 2007). The United States Trustee objects to this issue being heard on an emergency or expedited basis and in the absence of a sufficient factual record.

9. <u>Cash Management Procedures and Wavier of Section 345(b)</u>. The Debtor maintains one operating account at Bangor Savings Bank. The United States Trustee has contacted the Debtor's counsel to indicate he is willing to work with the Debtor to have the Debtor's current bank account formally designated by Bangor Savings Bank as a Debtor-in-Possession account. Currently, Bangor Savings Bank is one of the financial institutions on the United States Trustee's List of Authorized Depositories for Bankruptcy Cases Filed in Region One. As an authorized depository, the bank has pledged to collateralize and maintain all bankruptcy accounts in accordance with 11 U.S.C. § 345.

10. The United States Trustee's guidelines implement 11 U.S.C. § 345(b) in chapter 11 cases. Debtors must demonstrate "cause" to waive the requirements of 11 U.S.C. § 345(b) and, derivatively, the guidelines. 11 U.S.C. § 345(b)(2). *See In re Serv. Merch. Co., Inc.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (listing several factors for determining if "cause" exists). The United States Trustee objects to the Motion to the extent it requests authorization to waive or modify the requirements of 11 U.S.C. § 345(b), as neither the Motion nor the current record advances any basis for overriding 11 U.S.C. § 345(b) based upon the factors set forth in *In re Serv. Merch. Co., Inc.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999). Moreover, the United States Trustee objects to this issue being heard on an emergency or expedited basis.

11. <u>The Request to Pay Wages and Employee Benefits.</u> The Debtor seeks an order authorizing the payment of prepetition wages and benefits without sufficient factual disclosures to satisfy its obligations under Rule 6003 or to justify the relief requested. The Motion and record do not adequately disclose, *inter alia*, the total aggregate cap for all payments to be

3

authorized, the amounts to be paid to each employee, the nature of the "related employee benefits" included in the request, the date such payments will come due, and whether any payments would be made to insiders. The United States Trustee objects to the granting of the relief in the absence of an adequate record.

12. *Reservation of Rights.* The United States Trustee reserves the right to raise any and all additional objections to any revised proposed order or motion in this case.

WHEREFORE, the United States Trustee submits this Objection and Reservation of Rights regarding the *Motion of Debtor (A) for Entry of an Order on an Interim Basis: (I) Authorizing Continued Use of the Debtor's Existing Bank Account, Cash Management Procedures, and Continue Ordinary Course Operations; (II) Authorizing Continued Use of the Debtor's Existing Business Forms and Checks; and (III) Granting Related Relief* [ECF No. 8].

        Respectfully submitted,

        WILLIAM K. HARRINGTON,
        UNITED STATES TRUSTEE

Dated: December 19, 2025    By:    /s/ Ann Marie Dirsa
        Ann Marie Dirsa, BNH 06121
        Office of the U.S. Trustee
        53 Pleasant Street, Suite 2300
        Concord, NH 03301
        (603) 333-2781

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below I served copies of the foregoing pleading(s) entitled United States Trustee's Objection and Reservation of Rights Regarding the Motion of Debtor (A) for Entry of an Order on an Interim Basis: (I) Authorizing Continued Use of the Debtor's Existing Bank Account, Cash Management Procedures, and Continue Ordinary Course Operations; (II) Authorizing Continued Use of the Debtor's Existing Business Forms and Checks; and (III) Granting Related Relief to all parties named below by United States first class postage prepaid mail at the address(es) listed or in such other manner as I have indicated:

Via U.S. Mail, postage prepaid to:        N/A

Via the Court's CM/ECF system to:		Laura S. Hopkins, Esq.

    I <u>Ann Marie Dirsa</u>, certify that I am eighteen (18) years of age or older, and under penalty of perjury, that the foregoing is true and correct.

Dated: December 19, 2025		By:	<u>/s/ Ann Marie Dirsa</u>
					Ann Marie Dirsa, BNH 06121
					Office of the U.S. Trustee
					53 Pleasant Street, Suite 2300
					Concord, NH 03301
					(603) 333-2781

5